IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NICHOLAS ROTUNDO, #46668-424, § | |
| PETITIONER, § | |
| § | |
| V. § | CASE NO. 3:18-CV-2274-K-BK |
| § | |
| M. UNDERWOOD, WARDEN § | |
| RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Nicholas Rotundo's petition for habeas corpus under 28 U.S.C. § 2241 was referred to the undersigned United States Magistrate Judge for pretrial management, including the issuance of findings and a recommended disposition. As detailed herein, the Section 2241 habeas corpus petition should be dismissed as moot.

### I. BACKGROUND

Rotundo was convicted in the United States District Court for the Eastern District of Texas of cyberstalking, in violation of 18 U.S.C. § 2261A(2)(B), and was sentenced to 42 months' imprisonment. Doc. 11 at 8. Rotundo contends his due process rights were violated when the Bureau of Prisons ("BOP") determined that he was not eligibile for community confinement under 18 U.S.C. §§ 3621, 3624. Doc. 3 at 5. He specifically contends that he did not receive individualized consideration prior to the BOP denying his placement in the "less-restrictive conditions" of community confinement, "so as to enable [his] effective reintegration." Doc. 3 at 5; Doc. 4 at 8.

Rotundo began serving his federal sentence at FCI Seagoville on March 24, 2016. Doc. 11 at 4; Doc. 11 at 11. On September 27, 2018, with the approval of the BOP, Rotundo was placed in a Residential Re-entry Center ("RRC"). Doc. 11 at 4; Doc. 11 at 11, 13. On February 22, 2019, Rotundo was released from federal custody. *See* https://www.bop.gov/inmateloc/, last visited November 7, 2019 (search by Registration Number 46668-424).

## II.   ANALYSIS

At the outset, the Court must examine whether it has jurisdiction over the instant action. "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus may not be used "to adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976).

Moreover, under Article III of the Constitution, federal courts may adjudicate only "actual, ongoing cases or controversies." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988); *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citations omitted). Thus, if a dispute has been resolved or if it has vanished because of changed circumstances, including the passage of time, it is considered moot. *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). A case is moot when the court can no longer grant any effectual relief. *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).

Here, because Rotundo has been released from confinement, there no longer is any case or controversy before the Court. Thus, his requested relief of consideration for placement in community confinement, Doc. 3 at 7, is now moot. *See Bowen*, 857 F.2d at 270.

## III. CONCLUSION

For the foregoing reasons, Rotundo's petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED WITHOUT PREJUDICE** as moot.

**SO RECOMMENDED** on November 7, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).